**Stephen L. Brischetto**, OSB # 78156
slb@brischettolaw.com
Attorney at Law
520 SW Yamhill St., Suite 500
Portland OR 97204
503-223-5814
Fax: 503-228-1317
Attorney for Plaintiff

FILED '06 JUL 13 14:42 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON    CV '06    983    AS

| | |
|---|---|
| T.A., | CV. No. |
| Plaintiff, | COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSAULT, BATTERY AND INVASION OF PRIVACY |
| vs. | |
| **WILLADSEN ENTERPRISES, LLC and KENNETH RICHARD WHITE,** | **JURY TRIAL DEMAND** |
| Defendants. | |

### I. JURISDICTION

1.  This court maintains jurisdiction of plaintiff's Title VII claims for sexual harassment under 42 USC § 2000e-5(f)(3).

2.  This court maintains jurisdiction of plaintiff's federal claims under 28 USC § 1331.

3.  This court maintains jurisdiction of plaintiff's state statutory and common

PAGE 1 - COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSAULT, BATTERY AND INVASION OF PRIVACY

Complaint.doc

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*520 S.W. Yamhill St., Suite 500*
*Portland, Oregon 97204*
*Telephone: (503) 223-5814*

10423

law claims pursuant to 28 USC §1367.

## II. PARTIES

4. T.A. is a male, former employee of Willadsen Enterprises, LLC. T.A's date of birth is October 14, 1986.

5. Willadsen Enterprises, LLC is a limited liability corporation organized under ORS Chapter 63. Willadsen Enterprises owns and operates McDonald's fast food restaurants in and around Eastern Oregon. Defendant employs more than 15 employees. Willadsen Enterprises, LLC is an employer for purposes of Title VII and state law.

6. Defendant Kenneth Richard White was a management level employee of defendant Willadsen Enterprises LLC.

## III. FACTS

7. In 2002 when T.A. was 16 years of age, he commenced working for the defendant Willadsen Enterprises' McDonald's fast food restaurant in Baker City, Oregon.

8. Kenneth White was a manager and a supervisor of the Baker City McDonald's restaurant. Mr. White was employed as a Swing Manager and then as Assistant Manager and held management level responsibilities for personnel matters.

9. Mr. White made unwelcome advances of a sexual nature to T.A. commencing in late fall of 2002 and coerced T.A. into engaging in sexual acts with him.

10. Mr. White initially approached T.A. and told him he would pay $500 to T.A. if T.A. kissed him. He presented this in a joking manner and T.A. gave him a kiss in a joking manner.

PAGE 2 - COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSUALT, BATTERY AND INVASION OF PRIVACY

STEPHEN L. BRISCHETTO
ATTORNEY AT LAW
520 S.W. Yamhill St., Suite 500
Portland, Oregon 97204
Telephone: (503) 223-5814

Complaint.doc

11.     Subsequently, Mr. White used threats of public disclosure, threats of adverse employment actions if he failed to comply with Mr. White, and promises of favorable employment actions if he complied with Mr. White, to coerce T.A. into a series of unwelcome sexual acts. He informed T.A. that he wanted T.A. to perform sexual acts on him, that he would pay T.A. for the sexual acts, that if T.A. declined to perform the sexual acts he would disclose to T.A.'s parents and his girlfriend that T.A. kissed Mr. White and that he would cause the termination of T.A.'s employment.

12.     The course of sexually abusive conduct referred to in paragraph 11 above occurred both during work and outside of work hours; both on the premises at McDonald's and away from the workplace. The sexually abusive conduct referred to in paragraph 11 was a continuous course of conduct that extended from the fall of 2002 until February 2005.

13.     Mr. White's sexual abuse of T.A. was in the scope of his employment with Willadsen Enterprises, LLC.

14.     During the period extending from 2002 until 2005, Mr. White paid T.A. approximately $250 per week and regularly told T.A. to engage in sex with him. On numerous occasions T.A. informed Mr. White that he did not wish to continue engaging in sexual acts with Mr. White. When T.A. raised these issues with Mr. White, Mr. White threatened T.A. with disclosure of the sexual acts, with reduction of his work hours at McDonald's and/or with termination of his employment with McDonald's. Mr. White told T.A. that if the sexual acts were disclosed T.A. would be fired and Mr. White would be retained.

15.     Mr. White was one of T.A.'s managers, assigned his work days and shifts

PAGE 3 - COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSAULT, BATTERY AND INVASION OF PRIVACY

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*520 S.W. Yamhill St., Suite 500*
*Portland, Oregon 97204*
*Telephone: (503) 223-5814*

Complaint.doc

and wrote evaluations. Mr. White gave T.A. generally favorable evaluations and intervened when other managers sought to give T.A. less favorable evaluations.

16. Mr. White's wife was a management level employee of Baker City McDonald's, observed a sexual act occurring during work hours on the premises at McDonald's and took no action to stop Mr. White's sexual abuse of T.A.

17. The management of the Baker City McDonald's knew or was substantially certain that Mr. White had engaged and was engaging in sexual acts directed at T.A. Defendants knew or were substantially certain that plaintiff would suffer severe emotional distress due to Mr. White's course of conduct.

18. In February 2005, the last sexual act occurred.

19. In February 2005, Mr. White enlisted the aid of another employee of the Baker City McDonald's to videotape T.A having sex with Mr. White. Subsequently, Mr. White used the videotape to attempt to coerce T.A. into doing what Mr. White wanted and disclosed the videotape to others. Subsequently, T.A. disclosed Mr. White's sexual abuse of T.A. to the Baker City police.

20. As a result of the defendants' acts, the plaintiff has suffered past and future economic damages in an amount to be determined at trial.

21. As a result of the defendants' acts, the plaintiff has suffered compensatory damages including but not limited to emotional distress, humiliation, mental injury and mental anguish in an amount to be determined at trial.

22. Each defendant's acts and omissions were in willful disregard of the

PAGE 4 - COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSUALT, BATTERY AND INVASION OF PRIVACY

Complaint.doc

plaintiff's rights. The plaintiff is entitled to an award of punitive damages in an amount to be determined at trial against each defendant.

23. This complaint was filed within 90 days of the issuance of a notice of private right to sue from the Equal Employment Opportunity Commission.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Sexual Harassment - Title VII of the Civil Rights Act and ORS 659.030(1)(b)

24. The plaintiff incorporates by reference paragraphs 1-23 above as if fully set forth herein.

25. Defendants subjected the plaintiff to sexual harassment in violation of 42 USC §2000e-2(a) of the Civil Rights Act of 1964 and ORS 659.030.

### SECOND CLAIM FOR RELIEF

### (Intentional Infliction of Severe Emotional Distress)

26. The plaintiff incorporates by reference paragraphs 1-23 above as if fully set forth herein.

27. Defendants subjected the plaintiff to the common law tort of intentional infliction of severe emotional distress.

### THIRDCLAIM FOR RELIEF

### (Sexual Assault and Battery)

28. The plaintiff incorporates by reference paragraphs 1-23 above as if fully set forth herein.

PAGE 5 - COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSAULT, BATTERY AND INVASION OF PRIVACY

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*520 S.W. Yamhill St., Suite 500*
*Portland, Oregon 97204*
*Telephone: (503) 223-5814*

Complaint.doc

29.     Defendants subjected the plaintiff to sexual assault and/or sexual battery.

## FOURTH CLAIM FOR RELIEF

### (Common Law Invasion of Privacy)

30.     The plaintiff incorporates by reference paragraphs 1-23 above as if fully set forth herein.

31.     Defendants subjected the plaintiff to the common law tort of invasion of privacy.

**WHEREFORE**, plaintiff demands trial by jury and requests this court grant the following relief:

1.      An award of lost past and future wages, fringe benefits and prejudgment interest against the defendants in an amount to be determined at trial.

2.      An award of compensatory damages against the defendants in an amount to be determined at trial.

3.      An award of punitive damages against the defendants in an amount to be determined at trial.

4.      An award of costs, reasonable attorney's fees and all other fit and proper relief.

DATED this _____ day of _____, 2006.

_____
STEPHEN L. BRISCHETTO
OSB # 78156
(503) 223-5814
Attorney for Plaintiff

PAGE 6 - COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSUALT, BATTERY AND INVASION OF PRIVACY

*STEPHEN L. BRISCHETTO*
*ATTORNEY AT LAW*
*520 S.W. Yamhill St., Suite 500*
*Portland, Oregon 97204*
*Telephone: (503) 223-5814*

Complaint.doc

The plaintiff hereby requests trial by jury.

_____
**STEPHEN L. BRISCHETTO**
OSB # 78156
(503) 223-5814
Attorney for Plaintiff

PAGE 7 - COMPLAINT FOR UNLAWFUL EMPLOYMENT PRACTICES, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSAULT, BATTERY AND INVASION OF PRIVACY

Complaint.doc